# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID VILLEGAS,

    Petitioner,

vs.

WARDEN HAROLD WICKHAM, et al.,

    Respondents.

Case No. 3:16-cv-00032-HDM-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9) and respondents' motion to dismiss (ECF No. 17). Petitioner has not responded to the motion within the time allotted, and he is deemed to have consented to the granting of the motion. LR 7-2(d). The court finds that petitioner has not exhausted any of his grounds for relief, and the court grants the motion.

    After a jury trial, petitioner was convicted of three counts of lewdness with a child under the age of fourteen and one count of attempted lewdness with a child under the age of fourteen. Ex. 38 (ECF No. 18-14). Petitioner appealed. The Nevada Supreme Court reversed on one of the counts of lewdness and on the count of attempted lewdness. It affirmed the judgment of conviction on the remaining counts. Ex. 46 (ECF No. 18-22). The state district court entered an amended judgment of conviction. Ex. 49 (ECF No. 18-25).

    Petitioner did not file a post-conviction habeas corpus petition in the state district court.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a

petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Respondents note correctly that the petition (ECF No. 9) contains only claims of ineffective assistance of counsel. All of these claims are not exhausted for two reasons. First, as a general rule with exceptions not applicable in this case, in Nevada claims of ineffective assistance of counsel must be raised in a post-conviction habeas corpus petition. See Pellegrini v. State, 34 P.3d 519, 534 (Nev. 2001). Second, even without that rule, petitioner did not present any claims of ineffective assistance of counsel on direct appeal. See Ex. 42 (ECF No. 18-18). The petition is completely unexhausted.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 17) is **GRANTED**. This action is **DISMISSED** for failure to exhaust available state-court remedies. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: August 2, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge